Charles A. Valente (State Bar # 242740)
KAPLAN SAUNDERS VALENTE & BENINATI, LLP
500 North Dearborn Street, 2nd Floor
Chicago, Illinois 60654
(312) 755-5700; Fax: (312) 755-5720

Attorneys for Plaintiff
Strategic Global Research and Development, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| STRATEGIC GLOBAL RESEARCH AND DEVELOPMENT, INC. a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMARANTUS BIOSCIENCE HOLDINGS, INC., a Nevada corporation, and TODOS MEDICAL, LTD., an Israeli corporation. <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR BREACH OF CONTRACT, BREACH OF CONTRACT – ALTER EGO** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Strategic Global Research and Development, Inc. ("Strategic Global"), for its complaint against Defendants Amarantus Bioscience Holdings, Inc. and Todos Medical, Ltd., alleges as follows:

## PARTIES

1. Strategic Global is a corporation duly-organized under the laws of the State of California, with its principal place of business located at 32605 Temecula Parkway, Suite 302, Temecula, California 92592. Strategic Global is engaged in the business of, among other things,

-1-

**COMPLAINT**

providing consulting services to biotechnology companies.

2. Defendant Amarantus Bioscience Holdings, Inc. ("Amarantus") is a corporation duly-organized under the laws of the State of Nevada, with its principal place of business located at 110 Wall Street, New York, New York 10005. Amarantus is a biotechnology company engaged in the business of developing treatments and diagnostics for neurology, regenerative medicine, and orphan diseases through its subsidiaries.

3. Defendant Todos Medical, Ltd. ("Todos Medical") is an Israeli company with its principal place of business located at 1 Hamada Street, Rehovot 7670301 Israel. Todos Medical is a biotechnology company that specializes in the development of blood tests for the early detection of cancer.

4. At all relevant times hereto, Amarantus was the alter ego, agent, servant and employee of Todos Medical, was at all relevant times hereto acting within the course and scope of said agency and employment and with the full knowledge and consent of Todos Medical, and Todos Medical ratified and approved the conduct of Amarantus as its agent.

## JURISDICTION AND VENUE

5. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims set forth in the Complaint occurred in this District. In addition, Defendants agreed to submit to the jurisdiction of this Court when Amarantus executed the parties' contract at issue in this action on its own behalf and as the alter ego of Todos Medical.

## FACTUAL ALLEGATIONS

7. As set forth above, Amarantus is a biotechnology company that develops orphan, neurologic, regenerative medicine, and ophthalmic therapies and diagnostics through its subsidiaries.

8. One of Amarantus' subsidiaries is Breakthrough Diagnostics, Inc. ("Breakthrough Diagnostics"). Rather than treating Breakthrough Diagnostics as a separate entity, Amarantus and Todos treated it as a joint venture that was 80.01% owned by Amarantus and 19.99% owned by

Todos Medical. Under the terms of the Defendants' joint venture agreement, Todos Medical issued 19.99% of its outstanding shares to Amarantus in exchange for the same percentage of shares in Breakthrough Diagnostics. Todos Medical was also granted an exclusive option to acquire the remaining shares in Breakthrough Diagnostics for an additional 30.01% of its outstanding shares.

9.  The purpose of the Breakthrough Diagnostics' joint venture was to license intellectual property rights to the Alzheimer's blood diagnostic LymPro Test from Leipzig University. The LymPro Test focuses on immune markers that could provide early detection of Alzheimer's disease and aid pharmaceutical companies in developing new treatments for the disorder.

10. On April 12, 2018, Amarantus and Strategic Global entered into a Consulting Agreement (the "Agreement") whereby Amarantus retained Strategic Global and its President, Michael T. Ropacki, as Chief Medical Advisor for the LymPro program. The initial term of the Agreement was for a period of 270 days (nine months) commencing on April 15, 2018. (A true and accurate copy of the April 12, 2018 Agreement is attached hereto as Exhibit A.)

11. The Agreement provides that Strategic Global was to perform certain Services identified in the Agreement. (Ex. A.)

12. Amarantus, in turn, agreed to pay Strategic Global $6,500 per month during the original term of the Agreement. The original term of the Agreement was later extended on a month-to-month basis with Amarantus agreeing to pay $6,500 each month to Strategic Global for further consulting services. Amarantus also agreed to pay 5 shares of Series A Preferred Stock to Strategic Global with each share converting into a 0.1% ownership interest in Amarantus based on certain financing targets. (Ex. A, Schedule B.)

13. The Agreement further required Amarantus to reimburse Strategic Global for certain out-of-pocket expenses that Strategic Global incurred in connection with the performance of the Services. (Ex. A, § 3.)

14. Strategic Global fully performed all of its obligations under the Agreement.

15. However, Amarantus did not comply with its contractual obligations, refusing to make timely monthly payments to Strategic Global as required by the Agreement. Instead, Amarantus made a few, sporadic payments to Strategic Global either directly or through

Breakthrough Diagnostics.

16. While Amarantus acknowledged its obligation to make timely payments to Strategic Global, Amarantus frequently postponed or delayed making the required payments without any valid reason, including indicating at one point that it was meeting with its "bankers" and would "keep you posted as the money comes in." Indeed, on more than one occasion, Amarantus presented a plan to pay the outstanding balance due under the Agreement but failed to follow through with any of its proposed plans.

17. By June 2019, the business relationship between the parties ended as a result of Amarantus' failure to pay amounts due under the Agreement.

18. On July 15, 2019, Strategic Global sent Amarantus written notice that it was in default and demanded immediate payment of the amounts owed.

19. On November 21, 2019, Strategic Global sent a second demand letter with a courtesy copy of a draft of this complaint to Amarantus.

20. Despite those demands, Amarantus has failed and refused to pay the outstanding amounts owed to Strategic Global under the Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Amarantus)

21. Strategic Global restates and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 20 above as paragraph 21 of this Complaint.

22. The Consulting Agreement between Amarantus and Strategic Global is a valid and enforceable contract pursuant to which Amarantus agreed to pay Strategic Global for certain Consulting Services and Deliverables.

23. Strategic Global has fully performed all of its obligations under the Consulting Agreement.

24. Amarantus has breached its obligations under the Agreement by failing and refusing to pay the amounts owed Strategic Global under the contract.

25. Despite demands by Strategic Global that Amarantus comply with its obligations under the contract, Amarantus has failed to do so.

26. As a direct result of the foregoing, Strategic Global has suffered damages in an

amount to be determined at trial, but in no event less than $75,000.00, plus interest.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Alter Ego Against Todos Medical)

27. Strategic Global restates and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 26 above as paragraph 27 of this Complaint.

28. Amarantus and Todos Medical have integrated their resources and operations to achieve a common business purpose.

29. Amarantus is the alter ego of Todos Medical as there is such unity of interest and ownership that the separate corporate personalities are merged, so that Amarantus is a mere adjunct of Todos Medical or the two companies form a single enterprise.

30. The funds and assets of Amarantus and Todos Medical have been commingled. The Consulting Agreement was signed by Amarantus, but Strategic Global was paid on occasion by Breakthrough Diagnostics, a joint venture between Amarantus and Todos Medical. The fact that contractual payments were being funneled through a separate entity that was not a party to the contract and that was jointly funded by Amarantus and Todos Medical reflects the commingling of funds between the two entities.

31. There is identical equitable ownership in the two entities. Todos recently exercised its option to acquire Amarantus' remaining ownership in Breakthrough Diagnostics in exchange for 50% ownership of Todos Medical.

32. Amarantus and Todos use the same employees and share officers. The Consulting Agreement between Amarantus and Strategic Global identifies Strategic Global/Michael T. Ropacki as the Consultant and as the Chief Medical Advisor for the LymPro program. (*See* Ex. A.) In June 2019, Todos Medical gave a presentation to investors. As part of the materials distributed during that presentation, Todos Medical identified Michael T. Ropacki as a member of Todos Medical's "Management Team" with the title of "Chief Medical Advisor, LymPro for Alzheimer's." Amarantus' and Todos Medical's identification of Mr. Ropacki as Chief Medical Advisor for both companies suggests that the two entities not only share officers, but that Amarantus is a mere shell or conduit for the affairs of Todos Medical.

33. It would be inequitable to recognize the corporate form in this case as it would frustrate Strategic Global's meritorious claim. Defendants made overtures to Strategic Global to

induce it to execute the Consulting Agreement but were not clear about their corporate affiliations. Amarantus executed the Agreement but payments were made by both Amarantus and Todos Medical through Breakthrough Diagnostics. Both Defendants further identified Michael T. Ropacki as their "Chief Medical Advisor" and a member of their management teams. Defendants promised to pay Strategic Global for its valuable consulting services, but then used a separate corporate entity (Breakthrough Diagnostics) to misappropriate and use those services for their own benefit. Under these circumstances, the failure to disregard the separate identities of Amarantus and Todos Medical would result in fraud or injustice.

34. Strategic Global has fully performed all of its obligations under the Consulting Agreement.

35. Todos Medical, through its alter ego Amarantus, has breached its obligations under the Consulting Agreement by failing and refusing to pay the amounts owed Strategic Global under the contract.

36. Despite demands by Strategic Global that Todos Medical, through its alter ego Amarantus, comply with its obligations under the contract, Todos Medical has failed to do so.

37. As a direct result of the foregoing, Strategic Global has suffered damages in an amount to be determined at trial, but in no event less than $75,000, plus interest.

### THIRD CAUSE OF ACTION
### (Quantum Meruit – Against All Defendants)
### (In the Alternative)

38. Strategic Global restates and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 20 above as paragraph 38 of this Complaint.

39. Strategic Global pleads this Third Causes of Action in the alternative.

40. Strategic Global performed certain valuable consulting services for Defendants Amarantus and Todos Medical.

41. The services performed by Strategic Global were rendered at the request of Defendants.

42. Strategic Global complied with Defendants' request and furnished valuable services that were intended to and did benefit the Defendants as set forth above, for which services Strategic Global has not been paid.

43. Defendants accepted the services of Strategic Global and retained a direct benefit with full appreciation of the facts, under circumstances making it inequitable for them to retain the benefit without payment of its reasonable value.

44. As a direct result of the foregoing, Strategic Global has suffered damages in an amount to be determined at trial, but in no event less than $75,000, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Strategic Global Research and Development respectfully requests that the Court enter judgment in its favor as follows:

1. On the first count, compensatory damages in an amount to be determined at trial but in no event less than $75,000, plus interest, costs and expenses;

2. On the second count, compensatory damages in an amount to be determined at trial but in no event less than $75,000, plus interest, costs and expenses;

3. In the alternative, on the third count, compensatory damages in an amount to be determined at trial but in no event less than $75,000, plus interest, costs and expenses;

4. For pre-judgment interest on any recovery by Strategic Global; and

5. Granting Strategic Global such other and further relief as the Court deems just and proper.

Dated: December 13, 2019

Respectfully submitted,

KAPLAN SAUNDERS VALENTE
& BENINATI, LLP

By: /s/ Charles A. Valente
Charles A. Valente

*Attorneys for Strategic Global Research and Development*

## JURY DEMAND

Strategic Global Research and Development demands a trial by jury of all issues triable by jury.

Dated: December 13, 2019

Respectfully submitted,

K<small>APLAN</small> S<small>AUNDERS</small> V<small>ALENTE</small>
& B<small>ENINATI</small>, LLP

By: /s/Charles A. Valente
     Charles A. Valente

*Attorneys for Strategic Global Research and Development*